Mark S. Kaufman (MK 2006)
Kaufman & Kahn, LLP
747 Third Avenue, 32nd Floor
New York, NY  10017
(212) 293-5556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

| | |
|---|---|
| PEARSON EDUCATION, INC., JOHN WILEY & SONS, INC., CENGAGE LEARNING INC., and THE McGRAW-HILL COMPANIES, INC. | : <br> : <br> : |
| Plaintiffs, | : |
| -- against -- | : |
| AMIT GUPTA, SUBODH JAIN, HPC PUBLISHERS DISTRIBUTIONS, STREAM DOLLAR STORE D/B/A SHINE D/B/A HPC PUBLISHERS, and JOHN DOES NOS. 1-5, | : <br> : <br> : |
| Defendants. | : <br> : |

Case No. 07 Civ. 8858 (JMM)

**ANSWER
OF STREAM
DOLLAR STORE**

**(Jury Trial Demanded)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Defendant STREAM DOLLAR STORE erroneously named in the caption "d/b/a SHINE, d/b/a HPC PUBLISHERS", by and through its attorneys Kaufman & Kahn, LLP, as and for its Answer to the Complaint, states as follows:

1. Denies each and every allegation set forth in Paragraph 1 of the Complaint, except declines to respond to Paragraph 1 of the Complaint, to the extent it alleges legal conclusions to which no response is required.

2. Declines to respond to Paragraph 2 of the Complaint, as it alleges legal conclusions to which no response is required.

3. Denies each and every allegation set forth in Paragraph 3 of the Complaint.

4. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 4 of the Complaint.

5. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 5 of the Complaint.

6. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 6 of the Complaint.

7. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 7 of the Complaint.

8. Denies each and every allegation set forth in Paragraph 8 of the Complaint.

9. Denies each and every allegation set forth in Paragraph 9 of the Complaint.

10. Denies each and every allegation set forth in Paragraph 10 of the Complaint.

11. Denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that Stream Dollar Store does business at 3164 Harwood Road, Bedford, Texas 76021.

12. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 12 of the Complaint.

13. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 13 of the Complaint.

14. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 14 of the Complaint.

15. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 15 of the Complaint.

16. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Complaint.

17. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 17 of the Complaint.

18. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Complaint.

19. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 19 of the Complaint.

20. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 20 of the Complaint.

21. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Complaint.

22. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Complaint.

23. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 23 of the Complaint.

24. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Complaint.

25. Denies each and every allegation set forth in Paragraph 25 of the Complaint.

26. Repeats and realleges each of the allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

27. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Complaint.

28. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Complaint.

29. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 29 of the Complaint.

30. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 30 of the Complaint

31. Declines to respond to Paragraph 31 of the Complaint, as it alleges legal conclusions to which no response is required.

32. Denies each and every allegation set forth in Paragraph 32 of the Complaint.

33. Denies each and every allegation set forth in Paragraph 33 of the Complaint.

34. Denies each and every allegation set forth in Paragraph 34 of the Complaint.

35. Denies each and every allegation set forth in Paragraph 35 of the Complaint.

36. Repeats and realleges each of the allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

37. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 37 of the Complaint.

38. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 38 of the Complaint.

39. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 39 of the Complaint.

40. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 40 of the Complaint.

41. Declines to respond to Paragraph 41 of the Complaint, as it alleges legal conclusions to which no response is required.

42. Denies each and every allegation set forth in Paragraph 42 of the Complaint.

43. Denies each and every allegation set forth in Paragraph 43 of the Complaint.

44. Denies each and every allegation set forth in Paragraph 44 of the Complaint.

45. Denies each and every allegation set forth in Paragraph 45 of the Complaint.

46. Repeats and realleges each of the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

47. Denies each and every allegation set forth in Paragraph 47 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. Stream Dollar Store did not sell or distribute any text books, including those set forth in the Complaint.

50. Stream Dollar Store has not participated in or contributed to the purportedly infringing conduct alleged in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Upon information and belief, the books at issue in the Complaint were authorized by the respective plaintiffs for manufacture, sale and distribution.

52. Upon information and belief, the books at issue in the Complaint were genuine products of the respective plaintiffs.

53. As a result, any alleged resale or distribution of the books did not infringe plaintiffs' alleged copyrights or trademarks.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. In the alternative, any infringement in which Stream Dollar Store allegedly engaged was innocent and without willful intent, as the defendant lacked knowledge that any purported books infringed on the copyright of plaintiffs or anyone else.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. The claims arising out of the subject matter, transactions and occurrences alleged in the Complaint are barred by the doctrine of laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. By its own conduct and actions, including the conduct of its attorneys, the plaintiff has waived its right to any recovery, including but not limited to statutory damages or attorneys fees, against Stream Dollar Store.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. The Court lacks personal jurisdiction over Stream Dollar Store.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

58. Venue in this District is improper.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

59. Stream hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery proceedings in the action and hereby reserves the right to amend its Answer and to assert any such further defense or claim by appropriate motion.

**WHEREFORE**, defendant Stream Dollar Store respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that Stream Dollar Store be awarded the costs, disbursements and reasonable attorney's fees incurred in connection with defending against this action, and such other and further relief as deemed appropriate by the Court.

Dated: New York, New York
December 14, 2007

    KAUFMAN & KAHN, LLP
    Attorneys for Defendant Stream Dollar Store

    BY:   /Mark S. Kaufman/_____
          Mark S. Kaufman (MK 2006)
          747 Third Avenue, 32nd Floor
          New York, NY  10017
          (212) 293-5556
          Kaufman@KaufmanKahn.com